UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MARZOLLA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNSON & JOHNSON; and JANSSEN PHARMACEUTICALS, INC.,<br><br>    Defendants. | No. 2:15-cv-01654-GEB-CKD<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |

The August 4, 2015, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on November 6, 2015, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. That Order further required a status report be filed regardless of whether a joint report could be procured. No timely status report was filed as ordered. Instead, Plaintiff filed an untimely Status Report on November 5, 2015, in which he states, in relevant part:

> On October 29, 2015, a Notice of Potential Tag-Along regarding this matter and MDL No. 2642, *In Re: Fluoroquinolone Products Liability Litigation*, was filed with the United States Judicial Panel on Multidistrict Litigation ("JPML"). A Conditional Transfer Order ("CTO") was subsequently entered by the JPML on November 4, 2015. . . . Assuming no objections to the CTO are filed, the transfer order will become on November 11, 2015. In light of the anticipated transfer to the MDL

1

> next week, Plaintiff respectfully requests that the Court cancel the initial case management order that is set for November 9, 2015.
>
> Defendants have not been served with Plaintiff's complaint. Plaintiff anticipates that issues regarding service of process, including the possibility of a waiver of service under Rule 4 of the Federal Rules of Civil Procedure, will be addressed once the case is transferred to the MDL.

(Pl.'s Status Report 1:22-2:6, ECF No. 4 (heading omitted).)

Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than November 13, 2015, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on February 1, 2016, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve each Defendant with process within the 120 day period prescribed in that Rule may result in the unserved defendant(s) and/or this action being dismissed. To avoid dismissal, on or before December

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

4, 2015, Plaintiff shall file proof of service for each Defendant or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated:  November 5, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3